IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN M. PRICE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 16-cv-730-NJR |
| ) | |
| D. HUGGINS and ) | |
| L.D. BASLER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful

review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this complaint need to be severed into new cases.

### THE COMPLAINT

Plaintiff is currently incarcerated at United States Penitentiary Marion. (Doc. 1, p. 1). The complaint alleges that during the first week of February 2016, Officer Huggins performed a random "pat-down" on Plaintiff. During the pat down, he groped and squeezed Plaintiff's genitals. (Doc. 1, p. 5). Plaintiff protested, and Huggins replied "you know you people like that." (Doc. 1, p. 5).

The complaint also alleges that Plaintiff felt L.D. Basler, the N unit counselor at Marion, mistreated another inmate on May 3, 2016. (Doc. 1, p. 2, 5). Plaintiff went to Basler's office to confront him about it, and Basler said, "why don't I take you to the mop closet and show you how tough I am. I don't give a fuck how big you are." (Doc. 1, p. 5). Basler also called Plaintiff a "cho-mo," a derogatory term for child molester, and a "fag." (Doc. 1, p. 5). As a result of the incident, Plaintiff considered filing formal grievances against Basler. (Doc. 1, p. 5). Plaintiff alleges Basler found out that Plaintiff was going to take action against him. (Doc. 1, p. 5). Basler convinced Officer G. Williams to write a falsified incident report against Plaintiff, alleging that Plaintiff threatened Basler on May 6, 2016. (Doc. 1, p. 6). Plaintiff was sent to the SHU as a result of the falsified disciplinary report and put up for a disciplinary transfer. Plaintiff alleges that he is being transferred in retaliation for standing up for the other inmate and threatening to file a formal grievance.

After Plaintiff was sent to the SHU, Huggins came by and said, "Don't worry. After they kill you in the pen, I'll make sure your little boyfriend is taken care of here." (Doc. 1, p. 5). Huggins has also called Plaintiff a "fag," "bitch," "cho-mo," and "dick-sucker" numerous times.

(Doc. 1, p. 5). Plaintiff also alleges that Huggins interferes with his incoming and outgoing mail, and that a lot of his outgoing mail does not leave the facility. (Doc. 1, p. 6). His incoming mail is subject to delays. (Doc. 1, p. 6).

## DISCUSSION

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into three counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1**: Basler retaliated against Plaintiff by arranging for another guard to write a false disciplinary report on him because Plaintiff criticized Basler's interactions with another inmate and threatened to file a grievance on Basler.
>
> **Count 2**: Huggins violated the Eighth Amendment's proscription against cruel and unusual punishment when he groped him during a February 2016 pat-down and engaged in a pattern of verbal harassment.
>
> **Count 3**: Huggins violated Plaintiff's First Amendment rights by interfering with his incoming and outgoing mail.

Plaintiff is attempting to bring suit against two different defendants for their distinct and unrelated courses of conduct against him. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b)(g)). Claims against different defendants, which do not arise from a single transaction or occurrence (or a series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be

allowed to avoid "risking multiple strikes for what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsely*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Here, the Court finds that the claims are not properly joined. Plaintiff makes allegations against Huggins for allegations that stem from February 2016, while his allegations against Basler stem from May 2016. Plaintiff has not alleged any course of conduct that Basler and Huggins engaged in together. Because Plaintiff has attempted to state claims against different defendants for different conduct, the Court finds that Plaintiff's claims are not sufficiently factually or legally related to one another to remain in one lawsuit.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever the claims in Counts 2 and 3 (which are unrelated to Count 1) into a separate action. The severed case shall be assigned a new case number. Plaintiff shall be assessed a new filing fee for the newly severed case. The severed case shall undergo preliminary review pursuant to § 1915A after the new case number and judge assignment has been made.

Count 1 shall remain in this action. A separate order shall be issued in this case to review the merits of these claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered. No service shall be ordered on any Defendant at this time, pending the § 1915A review. Plaintiff has also filed a request for the Court "to grant postponement or reversal of transfer of federal inmate pending conclusion of civil proceedings." (Doc. 5). As that request appears to be related to Plaintiff's retaliation claims, that motion shall proceed in this case alone.

**DISPOSITION**

IT IS HEREBY ORDERED that Plaintiff's claims in **COUNT 2** and **COUNT 3**, which are unrelated to the claims in **COUNT 1**, are **SEVERED** into a new case. The new case shall contain the claims against Defendant Huggins. Defendant Huggins will be **DISMISSED** from this action.

The claims in the newly severed case shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The original complaint (Doc. 1); and
3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2).

Plaintiff **will be responsible for an additional $350.00 filing fee** in the newly severed case. No service shall be ordered on the defendant in the severed case until the § 1915A review is completed.

IT IS FURTHER ORDERED that the *only claim remaining in this action is Count 1* against Defendant Basler.

IT IS FURTHER ORDERED that Defendant **Huggins** is **TERMINATED** from **this** action with prejudice.

IT IS SO ORDERED.

DATED: July 18, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**