IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN M. PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00817-JPG |
| | ) |
| D. HUGGINS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This case was severed from an action that Plaintiff Sean Price filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), against two officials at the United States Penitentiary in Marion, Illinois ("USP-Marion"), for alleged violations of his constitutional rights by persons acting under color of federal authority. *See Price v. Huggins, et al.*, No. 16-cv-0730-NJR (S.D. Ill. June 30, 2016) ("original case"). The instant case addresses the following claims against one of these federal officials, Officer Huggins: (1) an Eighth Amendment claim against the officer for groping Plaintiff during a February 2016 pat-down search and engaging in a pattern of verbal harassment against him ("Count 2," original case); and (2) a First Amendment claim against the officer for interfering with Plaintiff's incoming and outgoing mail ("Count 3," original case). Both claims are subject to preliminary review pursuant to 28 U.S.C. § 1915A.

## Merits Review Under 28 U.S.C. § 1915A

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In the complaint, Plaintiff alleges that Officer Huggins performed a random "pat-down" search of Plaintiff as he left the inmate cafeteria during the first week of February 2016 (Doc. 1, p. 5). In the process, the officer allegedly groped and squeezed Plaintiff's genitals. When Plaintiff objected to the manner in which the search was conducted, Officer Huggins said,

"[Y]ou know 'you people' like that" (*id.*). On numerous other occasions, Officer Huggins called Plaintiff names that include "fag," "bitch," "cho-mo," and "dick sucker" (*id.*).

Plaintiff also claims that Officer Huggins routinely interfered with his mail (*id.* at 6). The officer monitored Plaintiff's incoming and outgoing mail very closely. A "lot" of his incoming mail was either missing or late, often arriving two- to three- weeks after it was postmarked (*id.*). Much of Plaintiff's outgoing mail did not leave the facility. Plaintiff never received refusal notices when this occurred, and he concluded that Officer Huggins simply disposed of his mail. When he complained to a captain and the warden,[1] nothing was done (*id.*).

In connection with these claims, Plaintiff now seeks monetary damages against Officer Huggins (*id.* at 7).

## Discussion

The Court previously identified the following claims against Officer Huggins. The claims are renumbered herein for ease of reference. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** **Huggins violated the Eighth Amendment's proscription against cruel and unusual punishment when he groped Plaintiff during a February 2016 pat-down search and engaged in a pattern of verbal harassment ("Count 2," original case).**

**Count 2:** **Huggins violated Plaintiff's First Amendment rights by interfering with his incoming and outgoing mail ("Count 3," original case).**

---

[1] Neither the captain nor the warden was named as a defendant in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

As discussed in more detail below, **Count 1** shall proceed against Officer Huggins at this time, and **Count 2** shall be dismissed against this defendant without prejudice.

## Count 1

The Seventh Circuit has observed that "[a] prison guard carrying out a prison security measure can violate the Eight[h] Amendment in one of two ways: by maliciously inflicting pain or injury, . . . or by performing some action that is 'intended to humiliate the victim or gratify the assailant's sexual desires.'" *Gillis v. Pollard*, 554 F. App'x 502, 505 (7th Cir. 2014) (citing *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012); *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012)). The Seventh Circuit has frequently held that conduct intended to humiliate or harass an inmate may rise to the level of an Eighth Amendment violation. *Rivera v. Schultz*, 556 F. App'x 500, 502 (7th Cir. 2014) (citing *Washington v. Hively*, 695 F.3d 641, 642, 644 (7th Cir. 2012) (reversing grant of summary judgment for guard on inmate's Eighth Amendment claim that guard gratuitously fondled his genitals for five to seven seconds during pat-down and for two or three seconds during strip search). *See also King v. McCarty*, 781 F.3d 889, 897 (7th Cir. 2015) (claims are stated where prisoner alleges that the search in question was motivated by the desire to harass or humiliate) (citing *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); *Meriwether v. Falkner*, 821 F.2d 408, 418 (7th Cir. 1987); *Hudson v. Palmer*, 468 U.S. 517, 530 (1984) (Eighth Amendment protects against "calculated harassment unrelated to prison needs")).

The allegations in Plaintiff's complaint suggest that Officer Huggins intended to humiliate Plaintiff during the pat-down. When Plaintiff challenged the manner in which the officer conducted the search, for example, Officer Huggins said, "[Y]ou know 'you people' like that" (Doc. 1, p. 5). The same officer also frequently referred to Plaintiff as a "fag," "bitch,"

"cho-mo," and "dick sucker" (*id*. at 5-6). These allegations suggest that the officer's treatment of Plaintiff may have run afoul of Eighth Amendment standards. Accordingly, Plaintiff shall be allowed to proceed with his Eighth Amendment claim in Count 1 ("Count 2," original case) against Officer Huggins.

### Count 2

A sporadic disruption of mail service does not violate the Constitution. Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment.") (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829 F.2d 608, 610 (7th Cir. 1987)).

In the complaint, Plaintiff claims that he did not receive a "lot" of his incoming mail, or received it two- to three- weeks after it was postmarked (Doc. 1, pp. 5-6). Similarly, he claims that much of his outgoing mail never left the prison (*id*. at 6). Although the complaint suggests that there was an ongoing issue with incoming and outgoing mail, Plaintiff relies on nothing more than conclusory allegations to this effect. *See Ashcroft*, 556 U.S. at 677 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief.). He offers no examples of times when a single piece of incoming *or* outgoing mail failed to reach its destination. He vaguely alludes to one delay in receiving his incoming mail (Doc. 1, p. 6). Even then, the complaint draws no connection between Officer Huggins' conduct and the delay, or any other instance of mail interference. Given the vague and conclusory allegations offered in support of

this claim, the Court finds that the complaint fails to state a claim upon which relief may be granted.  **Count 2** ("Count 3," original case) shall therefore be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Eighth Amendment claim in **COUNT 1** is subject to further review.

**IT IS FURTHER ORDERED** that the First Amendment mail interference claim in **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **OFFICER HUGGINS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 2), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 18, 2016**

*s/J. Phil Gilbert*
**U.S. District Judge**